## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REPLY S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1524-MN |
| | ) | |
| SENSORIA, INC., SENSORIA HOLDINGS LTD., DR. DAVIDE VIGANÒ, and MAURIZIO MACAGNO | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO AMEND THE CAPTION

OF COUNSEL:

Patrick L. Vail
PATRICK L. VAIL, PLLC
1000 Second Avenue, Suite 1770
Seattle, WA 98104
(206) 624-5824
pvail@pvaillaw.com

Peter J. Walsh, Jr. (#2437)
Matthew F. Davis (#4696)
Alan R. Silverstein (#5066)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
pwalsh@potteranderson.com
mdavis@potteranderson.com
asilverstein@potteranderson.com

Dated: November 18, 2019
6474770

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................1

    I.    COUNT I SHOULD BE DISMISSED PURUSANT TO THE FORUM SELECTION CLAUSE ......................................................................................1

    II.    THE COURT SHOULD GRANT DISMISSAL OF COUNT I UNDER THE DOCTRINE OF FORUM NON CONVENIENS ..........................................5

        A.    Defendants Have Carried Their Burden .......................................................5

        B.    The Public Interest Factors Favor Dismissal ...............................................6

    III.    THE UNJUST ENRICHMENT CLAIM (COUNT III) ONLY RELATES TO THE LOAN AGREEMENTS AND SHOULD BE DISMISSED ....................9

    IV.    SENSORIA HOLDINGS, VIGANÒ AND MACAGNO ARE NOT PARTIES ...................................................................................................................10

CONCLUSION...........................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**

**Page(s)**

*Air Prod. & Chemicals, Inc. v. Wiesemann*,
    237 F. Supp. 3d 192 (D. Del. 2017) ............................................................................................9

*Atl. Marine Const. Co. v. U.S. Dist. Court for W.D. Tex.*,
    571 U.S. 49 (2013) ......................................................................................................................7

*Calavo Growers of California v. Generali Belgium*,
    632 F.2d 963 (2d Cir. 1980) .......................................................................................................7

*Grodinsky v. Fairchild Indus., Inc.*,
    507 F. Supp. 1245 (D. Md. 1981) ...............................................................................................7

*Intellectual Ventures I LLC v. Altera Corp.*,
    842 F. Supp. 2d. 744 (D. Del. 2012) ...........................................................................................6

*ITG Brands, LLC v. Reynolds Am., Inc.*,
    2017 WL 5903355 (Del. Ch. Nov. 30, 2017) ..............................................................................4

*LCY Chem. Corp. v. Kraton Performance Polymers, Inc.*,
    2015 WL 4486783 (D. Del. July 23, 2015) ................................................................................3

*NAMA Hedges., LLC v. World Mkt. Ctr. Venture, LLC*,
    948 A.2d 411 (Del. Ch. 2007), aff'd, 945 A.2d 594 (Del. 2008) ...............................................4

*Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*,
    2014 WL 4724625 (D.N.J. Sept. 23, 2014) ................................................................................3

*Reavis v. Gulf Oil Corp.*,
    85 F.R.D. 666 (D. Del. 1980) ................................................................................................6, 7

*Schertenleib v. Traum*,
    589 F.2d 1156 (2d Cir. 1978) .....................................................................................................7

*Tessera, Inc. v. Sony Electronics Inc.*,
    2012 WL 11007706 (D. Del. Mar. 30, 2012) .............................................................................6

*Twin City Fire Ins. Co. v. Delaware Racing Ass'n*,
    840 A.2d 624 (Del. 2003) ...........................................................................................................4

*Verance Corp. v. Digimarc Corp.*,
    2011 WL 2182119 (D. Del. June 2, 2011) .................................................................................5

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
    157 F.R.D. 215 (D. Del. 1993) ....................................................................................................6

**RULES**

D. DEL. LR 7.1.3(7)..........................................................................................................................2

**OTHER AUTHORITIES**

EXCLUSIVE | DEFINITION OF EXCLUSIVE BY MERRIAM-WEBSTER,
    https://www.merriam-webster.com/dictionary/exclusive (last accessed
    November 18, 2019) ................................................................................................................3

# INTRODUCTION[1]

Counts I and III of the Complaint should be dismissed pursuant to the forum selection clause of the Loan Agreements, the doctrine of *forum non conveniens* and a failure to plead the unjust enrichment claim apart from the breach of contract claim. Disregarding the Plaintiff's attempt to avoid the plain language of the forum selection clause simply reads out the term "exclusive" and replaces it with a clause that Plaintiff interprets as allowing it to file suit anywhere. Such a reading ignores the plain and ordinary language of Section 8.2 of the Loan Agreements. With the existence of a valid and enforceable forum selection clause, Count I should be dismissed pursuant to the doctrine of *forum non conveniens*. Plaintiff's justifications for keeping Count I in this Court ignore Plaintiff's past arguments and the nature of their claims.

Plaintiff is wrong that this District Court does not apply the same standard for unjust enrichment claims as the Delaware State Courts. Where parties' relationship is governed by contract, a claim for unjust enrichment should be dismissed. Count III should be dismissed.

Finally, Plaintiff has made no showing that Sensoria Holdings, Viganò, and Macagno should not be dismissed. They are not parties to any claim herein and remain parties in the pending, but stayed, Washington Court action which retained counts not transferred here.

## ARGUMENT

### I.   COUNT I SHOULD BE DISMISSED PURUSANT TO THE FORUM SELECTION CLAUSE

Plaintiff would have the Court incorrectly believe that the Loan Agreements' forum selection clause allows it to sue Sensoria anywhere. Such a reading would render the first clause

---

[1] Capitalized terms have the same meanings ascribed to them in the Complaint or Defendants' Opening Brief (D.I. 46). References to Defendants Opening Brief in Support of Its Motion to Dismiss and to Amend the Caption (D.I. 46) appear as "Opening Brief" or "Op. Br." References to Plaintiff's Answering Brief (D.I. 47) appear as "Pl. Br."

of Section 8.2 virtually meaningless.  To support their interpretation, Plaintiff ignores the plain language of the Forum Selection Clause and the finding of the Washington Court that the Law Courts of Turin Italy are the contractually-selected forum for this dispute.  At base, the plain language of Section 8.2 of the Loan Agreements elects an "exclusive jurisdiction" for disputes "arising from the execution or interpretation" of the Loan Agreements.  This simple language requires that this count be brought in Italy.

First, Plaintiff's citations to Italian law in support of its motion are without support or are not in dispute.  As a purportedly bedrock statement of its argument, Plaintiff states that "the Italian Supreme Court has recognized the validity and enforceability of forum selection clauses that provide rights to each party, such as Sections 8.2 here."  Pl. Br. at 7 (citing "*Cassazione civile sezioni unite*, n. 3624 (Aug. 3, 2012)).  But Plaintiff has not attached any exhibit supporting this cite to foreign authority, as required by local rule.  *See* D. Del. LR 7.1.3(7) ("If an opinion is cited which is neither reported in the National Reporter System nor available on either WESTLAW or LEXIS, a copy of such opinion shall be attached to the document which cites it or shall otherwise be provided to the Court.").  Opinions of the Italian Supreme Court, assuming that is what was being cited, are written in Italian and no translation has been provided.  Similarly, for the proposition that "all provisions in a contract shall be interpreted together," Plaintiff merely cites "Italian Civil Code, § 136."  No exhibit or translation has been provided.  Plaintiff leaves the Court and Defendants to simply guess at what these documents actually say.[2]

Although the Loan Agreements are governed by Italian Law (*see* Op. Br. at 3), Plaintiff

---

[2] Nevertheless, Defendants do not dispute that with properly drafted language, a forum selection clause might provide different rights to different parties or that contract terms should be interpreted together.  Indeed, Defendants argued before the Washington Court that the term of the Forum Selection Clause that Plaintiff desperately cling to should be read in view of the exclusive jurisdiction clause of Section 8.2.  D.I. 28 at 2-3.

2

relies on just one case from the United States District of New Jersey to support its interpretation of the Forum Selection Clause.  *See* Pl. Br. at 9 (citing *Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*, 2014 WL 4724625 (D.N.J. Sept. 23, 2014).  *Networld* is not helpful to Plaintiff because the forum selection clause in that case explicitly states that it is non-exclusive.  In *Networld*, the forum selection clause at issue read:  "All disputes arising out of this Agreement that cannot be resolved by negotiation shall be submitted to the court of competent jurisdiction in Zagreb, Republic of Croatia, which jurisdiction shall be **non-exclusive**."  *Id*. at *3.  Unsurprisingly, the court in *Networld* found the forum selection clause merely "permissive."  *Id*.

That is not the case here.  The language of Section 8.2 states that the Law Courts of Turin are the "exclusive jurisdiction" for "[a]ll disputes arising from the execution or interpretation of [the Loan Agreements]."  Delaware Courts look to the ordinary meaning of unambiguous terms of a contract.  *LCY Chem. Corp. v. Kraton Performance Polymers, Inc.*, 2015 WL 4486783, at *2 (D. Del. July 23, 2015).  "Exclusive" has a plainly understood meaning:  single, sole.  *See* EXCLUSIVE | DEFINITION OF EXCLUSIVE BY MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/exclusive (last accessed November 18, 2019).  The example provided by the Merriam-Webster dictionary is "*exclusive* jurisdiction."  *Id*. (emphasis in original).  In other words, any disputes arising under the loan agreements are subject to the "single" or "sole" jurisdiction of the Law Courts of Turin.  This is, of course, consistent with Section 8.1 which mandates that the Loan Agreements are "governed by Italian law."

Plaintiff would have the Court believe that "exclusive jurisdiction" only applies to Sensoria, not to Plaintiff.  But the first sentence of Section 8.2 does not say that only disputes brought by Sensoria are limited to the Law Courts of Turin—it says that "all" disputes arising from the Loan Agreements are to be brought there.  Plaintiff's interpretation of the clause as a

3

whole would render the first sentence of Section 8.2 at best ambiguous because "all" would not mean all. At worst, it would render terms meaningless, but Delaware law requires that every word should be given meaning and effect by the Court. *NAMA Hedges., LLC v. World Mkt. Ctr. Venture, LLC*, 948 A.2d 411, 419 (Del. Ch. 2007) ("Contractual interpretation operates under the assumption that the parties never include superfluous verbiage in their agreement, and that each word should be given meaning and effect by the court."), aff'd, 945 A.2d 594 (Del. 2008); *ITG Brands, LLC v. Reynolds Am., Inc.*, 2017 WL 5903355, at *10 (Del. Ch. Nov. 30, 2017) ("The cardinal rule of contract construction is that, where possible, a court should give effect to *all* contract provisions.") (emphasis in original).

Plaintiff's interpretation is simply wrong and does not cast any doubt on the meaning of 8.2. The second clause of Section 8.2 makes no exception to "exclusive jurisdiction." Rather, it carves out an exception to allow Plaintiff to bring suit in other specialized Italian courts (*i.e.*, judicial authorities) if the relief it sought was not available in the Law Courts of Turin. That interpretation does not render the first part of Section 8.2 ambiguous or meaningless and is consistent with the idea that an Italian company, such as Plaintiff, would want to litigate on its home turf where the judicial authority it would appear before would be most familiar with the Italian laws that governed the Loan Agreements.[3]

While this Court is not ultimately bound by the Washington Court's conclusions, the Washington Court took careful steps to conclude that the Loan Agreements' Forum Selection Clause "mandates that disputes arising from the Loan Agreements are to be litigated in the Law Courts of Turin or another specialized Italian Court." D.I. 34 at 6. The Washington Court

---

[3] To the extent any ambiguity does exist, such ambiguity should be construed against Plaintiff, who drafted the relevant term of Section 8.2. *See generally Twin City Fire Ins. Co. v. Delaware Racing Ass'n*, 840 A.2d 624, 630 (Del. 2003) ("[A]mbiguities in a contract should be construed against the drafter.")

4

ordered supplemental briefing on the very specific issue of "How should Section 8.2 be interpreted generally?" and "How should the second clause of Section 8.2 be interpreted in light of the first clause of Section 8.2?" D.I. 31 at 1. The parties submitted their supplemental briefs on this topic before the Washington Court made its decision that this dispute is limited to the Law Courts of Turin Italy.[4] *See* D.I. 32, 33.

Plaintiff has presented no reason for this Court to deviate for the reasoning adopted by the Washington Court. Indeed, adopting Plaintiff's interpretation of the Section 8.2 would render "exclusive jurisdiction" for "all disputes" meaningless. The Court should hold that Count I must be brought in the Law Courts of Turin Italy and grant Defendants' motion to dismiss.

## II. THE COURT SHOULD GRANT DISMISSAL OF COUNT I UNDER THE DOCTRINE OF FORUM NON CONVENIENS

### A. Defendants Have Carried Their Burden.

Plaintiff strangely alleges that "Defendants provide no evidence to support their argument in favor of dismissal on forum non conveniens grounds" despite Defendants showing that the facts of this case heavily weigh in favor of Count I being dismissed in favor of the Law Courts of Turin. Plaintiff cites no "evidence" that is missing. And it cannot. Defendants cited Plaintiff's own admission Op. Br. at 10 ("Delaware has no tangible connection to the underlying dispute."), and the difficulties of litigating a case where both Italian law and Delaware law apply to the interpretation of two separate contracts (*Id*. at 10-11).

Equally strange is Plaintiff's reliance on the argument that Sensoria's home forum is

---

[4] Plaintiff suggests that the Washington Court's decision should carry little weight because it is from another federal court by relying on *Verance Corp. v. Digimarc Corp.*, 2011 WL 2182119 (D. Del. June 2, 2011). But *Verance* concerns the reliance on another district's opinion in a wholly unrelated case between different parties. *Id*. at *6, n. 5. Here, we have the Washington Court fully addressing the very issue before this Court and reaching a reasoned conclusion supported by full briefing and analysis.

5

Delaware and the emphasis Plaintiff makes on that point.  Each of the four cases Plaintiff relies on have nothing to do with a forum selection clause affecting the *forum non conveniens* analysis.  *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d. 744 (D. Del. 2012), *Tessera, Inc. v. Sony Electronics Inc.*, 2012 WL 11007706 (D. Del. Mar. 30, 2012), and *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) are all patent infringement cases with, obviously, no contract at issue between the parties and certainly no forum selection clause.  *Reavis v. Gulf Oil Corp.*, 85 F.R.D. 666 (D. Del. 1980) also does not concern a motion to transfer related to a forum selection clause.  These cases should be given no consideration in this analysis because the analysis is fundamentally different when a forum selection clause is at issue.

### B.  The Public Interest Factors Favor Dismissal

Contrary to Plaintiff's otherwise conclusory analysis, the Public Interest Factors weigh in favor of dismissal.  Not only does Plaintiff ignore its own statements regarding this lawsuit's lack of ties to Delaware, it ignores the burden on this Court and the parties by having to litigate in Delaware when Italian law applies, Plaintiff is a resident of Italy, the individual defendants, directors of Sensoria, reside in Washington and Sensoria's place of business is in Washington.

Plaintiff now tries to argue that the public interest factors favor trying a case in Delaware after arguing to the Washington Court that the case should be tried there and Delaware "has no tangible connection to the underlying dispute." D.I. 27 at 11.  Indeed, while Plaintiff now argues that "Sensoria is a Delaware citizen," (Pl. Br. at 14) it previously argued that the case belonged in Washington because "all of the Defendants are Washington Residents and are conducting business in the state of Washington" and "each of the transactions at issue took place in Washington" (D.I. 27 at 11).  By Plaintiff's own words, there is no "local interest" in this matter in Delaware.  Accordingly, this factor is close to neutral.

6

Plaintiff downplays the burden of applying Italian law in this Court. While this Court is certainly capable and experienced at applying the laws of other jurisdictions, the burden on the Court to do so weighs in favor of dismissal. In distinguishing *Reavis*, 85 F.R.D. at 666 (cited by Plaintiff, Pl. Br. at 15), another court, relying on Supreme Court and federal Court of Appeals precedent, noted that while applying foreign law does not alone compel dismissal, that application of foreign law "is nevertheless an important consideration." *Grodinsky v. Fairchild Indus., Inc.*, 507 F. Supp. 1245, 1252 (D. Md. 1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947); *Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 967 (2d Cir. 1980); *Schertenleib v. Traum*, 589 F.2d 1156, 1163, 1165 (2d Cir. 1978). Here, that important consideration clearly weighs in favor of dismissal for the reasons explained in Sensoria's Opening Brief. First, the Court will be tasked with instructing a jury to apply two different sets of laws to two different breach of contract claims creating the potential for significant confusion. Second, Defendants will be burdened by having to hire experts and translators to inform the Court and the jury of the nuances and intricacies of Italian law. These burdens are completely avoided if Count I is tried in Italy.

Plaintiff complains that fragmentation of the claims warrants keeping this case in Delaware. But Plaintiff agreed, when executing both the Loan Agreements and the Purchase Agreement that the former would be governed by Italian law with disputes heard in Italian courts whereas the latter would be governed by Delaware law with disputes heard in Delaware (D.I. 1-1, Ex. A, at 23, § 7.1). Further, the Loan Agreement and Purchase Agreement are two separate agreements entered into approximately two years apart. Pl. Br. at 3, 4. To claim that having such disputes addressed in the forum Plaintiff agreed to is burdensome should be given no weight. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W.D. Tex.*, 571 U.S. 49, 64 (2013)

("[w]hen the parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient…"). On this point, it makes no difference that Plaintiff alleges it could have filed anywhere, Plaintiff knew disputes regarding the Loan Agreements have to be filed by Sensoria in Italy and disputes under the Purchase Agreement have to be filed in Delaware. This is exactly what Plaintiff, a sophisticated party in the business of providing specialized services to other businesses (Compl. at ¶ 1), bargained for.

Plaintiff's allegation that the Italian court will have to apply Delaware law to the claim set forth in Count III is misleading. *See* Pl. Br. at 15. The Loan Agreements are governed by Italian law. As explained in Defendants' Opening Brief and in Section III below, Count III is merely a recitation of Plaintiff's breach of contract claim under Count I reframed as an unjust enrichment claim. Accordingly, the unjust enrichment claim should either be decided under Italian law by an Italian court, rendering Plaintiff's claims of difficulty trying the case in Italy hollow, or, in the unlikely circumstance that the unjust enrichment claim will be analyzed under Delaware law, such claim should be dismissed as duplicative of Count I pursuant to Delaware law as discussed in Defendants' Opening Brief and in Section III below.[5] Either way, the Italian court will not have to apply Delaware law.

Finally, none of the interested parties actually reside in Delaware. Viganò and Macagno, who should be dismissed regardless, are directors of Sensoria and will likely be the subject of discovery in this litigation and both reside in Washington where Sensoria has its principal place of business. Plaintiff has its principal place of business in Italy. Dismissing Count I in favor of Plaintiff refiling in Italy will create no additional burden on the parties as Defendants will have

---

[5] Plaintiff appears unsure which law will apply to Count III. In the very same paragraph that it argues Delaware law will apply, Plaintiff relies without dispute on Sensoria's statement that Italian law applies to Counts I and III to allegedly support its argument. *See* Pl. Br. at 14-15.

8

to travel no matter what. Plaintiff, on the other hand, will be able to litigate in its home forum as it agreed to in the Loan Agreements.

### III. THE UNJUST ENRICHMENT CLAIM (COUNT III) ONLY RELATES TO THE LOAN AGREEMENTS AND SHOULD BE DISMISSED.

Plaintiff incorrectly argues that the cases which prohibit pleading both the breach of contract and unjust enrichment claim where the contract already governs the relationship between the parties only apply in Delaware State Courts. This District Court has previously relied on and applied that rule to dismiss an unjust enrichment claim for failing as a matter of law where a valid, enforceable contract governs the parties' relationship yet also forms the basis for the unjust enrichment claim. *Air Prod. & Chemicals, Inc. v. Wiesemann*, 237 F. Supp. 3d 192, 216 (D. Del. 2017) (dismissing unjust enrichment claim with reliance on Delaware State Court cases for the proposition that "Delaware courts ... have consistently refused to permit a claim for unjust enrichment when the alleged wrong arises from a relationship governed by contract.") (citations omitted). Here, there is no doubt that the unjust enrichment claim is only directed to the claims for breach of the Loan Agreements.

There are only eight paragraphs in Count III. Paragraph 67 is a boilerplate incorporation of the previous paragraphs of the Complaint. Paragraph 68 alleges that Plaintiff loaned Sensoria the Loan Amount. Paragraph 69 alleges that Sensoria accepted the Loan Amount. Paragraph 70 alleges that Sensoria did not repay the Loan Amount. Paragraph 71 alleges that Plaintiff sent demand letters regarding the loan. Paragraphs 72 and 74 state that the Loan Amount and the damages to Plaintiff are the same—230,000€ (EUR) and $1,075,000 (USD). There is no dispute that Count III only concerns the Loan Agreements and Sensoria's alleged failure to repay the Loan Amount. With the Loan Agreement completely governing the parties' relationship as to the alleged damages in Count III, Count III should be dismissed.

9

Plaintiff also suggests that Count III is pled in the alternative to both Counts I and II. But the plain language of the Complaint belies this assertion. Although Count III is sub-titled "In the alternative to Counts I and II," there is no allegation in Count III that relates to Count II. There is no reference to the Purchase Agreement which forms the basis of Count II (Compl. at ¶ 60), the License Agreement or alleged transfer of intellectual property (Compl. at ¶ 61), or the alleged decrease in value of Sensoria's shares (Compl. at ¶ 65). Having not plead any of these elements to support its claim for unjust enrichment, Plaintiff's assertion that Count III is also in the alternative to Count II is baseless. Count III should be dismissed for the reasons stated above.

## IV. SENSORIA HOLDINGS, VIGANÒ AND MACAGNO ARE NOT PARTIES

Plaintiff addresses the motion to dismiss Defendants Sensoria Holdings, Viganò, and Macagno in just two sentences in the introduction of its brief. Plaintiff argues that because the case will be transferred back to Washington, there is no reason to dismiss the individual defendants. Plaintiff is factually incorrect. The Washington Court's order transferred only Counts I, II and III to this District. D.I. 34 at 15. The Washington Court *stayed* the remainder of the lawsuit pending the resolution of Counts I, II and III in Delaware or Italy and instructed the parties to notify the Washington Court when Counts I, II and III are resolved. *Id*. Accordingly, no count involving Sensoria Holdings or the individual defendants is pending in this District, and no transfer will take place after the Court has resolved Counts I, II and III. Sensoria Holdings, Viganò and Macagno should be dismissed from this case and the caption amended.

## CONCLUSION

For the forgoing reasons, and the reasons presented in Defendants' Opening Brief, the Court should dismiss Counts I and III of the Complaint in their entirety without leave to amend and amend the caption to remove Sensoria Holdings, Viganò, and Macagno.

| | |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Alan R. Silverstein* |
| | Peter J. Walsh, Jr. (#2437) |
| Patrick L. Vail | Matthew F. Davis (#4696) |
| PATRICK L. VAIL, PLLC | Alan R. Silverstein (#5066) |
| 1000 Second Avenue, Suite 1770 | Hercules Plaza |
| Seattle, WA 98104 | P.O. Box 951 |
| (206) 624-5824 | Wilmington, DE 19899-0951 |
| pvail@pvaillaw.com | (302) 984-6000 |
| | pwalsh@potteranderson.com |
| | mdavis@potteranderson.com |
| | asilverstein@potteranderson.com |
| Dated: November 18, 2019 | *Attorneys for Defendants* |
| 6474770 | |